◼ The People of the State of New York, Respondent, v John C. Delmarle, Appellant. (Appeal No. 1.) [769 NYS2d 431]—Appeal from an order of Monroe County Court (Connell, J.), entered April 3, 2002, which designated defendant a level three offender under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order designating him a level three offender under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The point total on the risk assessment instrument (RAI) prepared by the Board of Examiners of Sex Offenders (Board) presumptively classified defendant as a level one offender, but the Board recommended an upward departure to level three based upon factors not adequately taken into account by the RAI (*see Matter of O'Brien v State of New York Div. of Probation & Correctional Servs.*, 263 AD2d 804, 805-806 [1999], *lv denied* 94 NY2d 758 [1999]). County Court, after considering the recommendation of the Board and materials submitted by both parties (*see* Correction Law § 168-n [3]), agreed with the Board that departure from the presumptive risk level classification of the RAI was warranted, and concluded that defendant was properly designated a level three offender because "the risk of repeat offense is high and there exists a threat to the public safety" (§ 168-*l* [6] [c]; *see O'Brien*, 263 AD2d at 806; *People v Marinconz*, 178 Misc 2d 30, 33-34 [1998]; *People v Salaam*, 174 Misc 2d 726, 736 [1997]). Upon our review of the record, we conclude that the court's determination of defendant's risk level is based on clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown*, 302 AD2d 919, 920 [2003]; *People v Scott*, 288 AD2d 763, 765 [2001]). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.