THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CARSWELL, Appellant. [778 NYS2d 646]—

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered December 17, 2002. The order determined that defendant is a level three risk under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The Board of Examiners of Sex Offenders (Board) assessed defendant as a level two risk, based in part upon its finding that defendant failed to accept responsibility for his actions by continuing to deny that he had used a knife in the commission of the underlying crime. In assessing defendant as a level three risk, County Court noted defendant's past history of substance abuse, i.e., defendant's convictions based on drug possession (cocaine) and drug trafficking (heroin), as well as defendant's admitted extensive use of marihuana.

We conclude that the court's determination of defendant's risk level is supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Delmarle*, 2 AD3d 1446, 1447 [2003], *lv denied* 2 NY3d 702 [2004]). Indeed, the court was not "bound by the recommendation of the Board and, in the exercise of its discretion, [was entitled to] depart from that recommendation and determine [defendant's] risk level based upon the facts and circumstances that appear[ed] in the record" (*Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891, 891-892 [1998]). The record establishes that the court relied upon competent evidence in making its as-

sessment (*see People v Myers,* 306 AD2d 334 [2003], *lv denied* 100 NY2d 516 [2003]) and properly considered the complainant's affidavit indicating that defendant had used a knife in the commission of the underlying crime, as well as defendant's two prior drug convictions and admitted history of extensive marihuana use. We note in addition that defendant offered no evidence in opposition thereto (*see People v Wroten,* 286 AD2d 189, 199 [2001], *lv denied* 97 NY2d 610 [2002]). Thus, we affirm the order. Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.