■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL D. MOUNT, Appellant. [792 NYS2d 697]—

Cardona, P.J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered March 18, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In anticipation of his release after serving a five-year prison sentence for a conviction of sexual abuse in the first degree and assault in the second degree, defendant was evaluated and presumptively classified as a risk level II sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). After a hearing, County Court accepted the recommendation of the Board of Examiners of Sex Offenders that an upward departure to risk level III offender status was warranted and classified defendant as such.

An upward departure from the presumptive risk level is warranted when, "after consideration of the indicated factors . . . 'there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*Matter of O'Brien v State of N.Y. Div. of Probation & Correctional Servs.*, 263 AD2d 804, 805-806 [1999], *lv denied* 94 NY2d 758 [1999] [citation omitted]). Furthermore, such a determination must be "supported by clear and convincing evidence in the record" (*People v Bottisti*, 285 AD2d 841, 841-842 [2001]; *see* Correction Law § 168-n [3]). Here, it was determined that an upward departure was indicated due to defendant's prior conviction of sexual misconduct and his history of alcohol and substance abuse. However, the record reveals that defendant had already been assessed the maximum number of points in those categories on the risk assessment instrument.

Inasmuch as the factors that County Court relied upon to justify the upward departure from the presumptive risk level were adequately taken into account by the risk assessment instrument, under the particular circumstances herein, we conclude that the departure was not supported by clear and convincing evidence (*see People v Hoppe*, 12 AD3d 792, 793-794 [2004]; *People v Mallory*, 293 AD2d 881, 882 [2002]; *Matter of Vandover v Czajka*, 276 AD2d 945, 947 [2000]; *cf. People v Guaman*, 8 AD3d 545, 545 [2004]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level II sex offender under the Sex Offender Registration Act.