■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. KWIATKOWSKI, Appellant. [805 NYS2d 188]—

Peters, J. Appeal from an order of the County Court of Fulton County (Giardino, J.), entered May 1, 2001, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 1998 upon his pleas of guilty of various crimes arising out of his possession of sexually explicit materials involving underage boys, as well as an incident wherein he engaged in sexual contact with minor boys. On his release to parole supervision, defendant was evaluated and presumptively classified as a risk level I sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Despite such a presumptive classification, the Board of Examiners of Sex Offenders recommended that defendant be rated as a risk level II threat to reoffend. Following a

hearing, County Court presumptively assessed defendant as a risk level II sex offender, but concluded that an upward departure was warranted. As a result, defendant was assigned a risk level III sex offender status. Defendant now appeals and we affirm.

An upward departure from the presumptive risk level is appropriate when aggravating or mitigating factors are present which were not otherwise sufficiently taken into consideration by the risk assessment guidelines (*see People v Mount,* 17 AD3d 714, 715 [2005]). Such a departure, however, is required to be supported by clear and convincing evidence (*see* Correction Law § 168-d [3]; *People v Hoppe,* 12 AD3d 792, 793-794 [2004]). Here, County Court articulated that an upward modification was necessary due to, among other things, defendant's expressed desire to be a spokesperson for an organization which advocates allowing sexual contact between adult males and minor boys, along with defendant's apparent lack of concern over the specific risk level that would ultimately be assigned to him. Under the particular circumstances of this case, it is our view that County Court properly relied upon factors not previously contemplated by the risk assessment instrument and, accordingly, we decline to disturb the upward departure.

Finally, we are not persuaded that County Court erroneously calculated defendant's presumptive risk level in the first place, or improperly credited unreliable hearsay statements in arriving at its determination.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.