■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD W. JOSLYN, Appellant. [811 NYS2d 807]—

Spain, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered August 13, 2003, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 1996, upon his guilty plea, of the crime of attempted sodomy in the first degree (234 AD2d 829 [1996], *lv denied* 89 NY2d 1037 [1997]). In 2003, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), presumptively classifying defendant as a level II sex offender, and did not recommend a departure from that risk level. The People took no position at the initial hearing and did not comply with the requirement of providing a written statement prior to advocating for an upward departure at the reopened hearing (*see* Correction Law § 168-n [3]). Following proceedings at which defendant offered no evidence, County Court concluded that defendant posed a high risk of reoffending and made a final determination designating him as a risk level III sex offender. In this appeal, defendant contends, among other things, that County Court improperly upwardly departed from the presumptive level II classification based upon facts that had already been considered by the Board.

We affirm. Under now well-settled principles, "[a] departure

from the presumptive risk level [may be] warranted where 'there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines' " (*People v Guaman*, 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4, No. 6 [Nov. 1997]; *see People v Miranda*, 24 AD3d 909, 910 [2005]; *People v Kwiatkowski*, 24 AD3d 878, 879 [2005]; *People v McCormick*, 21 AD3d 1221, 1222 [2005]; *People v Mount*, 17 AD3d 714, 715 [2005]; *People v Madlin*, 302 AD2d 751, 752 [2003]; *Matter of O'Brien v State of N.Y. Div. of Probation & Correctional Servs.*, 263 AD2d 804, 805-806 [1999], *lv denied* 94 NY2d 758 [1999]). The existence of special, nonduplicative circumstances must be demonstrated by clear and convincing evidence, the People's burden (*see* Correction Law § 168-n [3]; *People v Miranda, supra*; *People v Arotin*, 19 AD3d 845, 847 [2005]; *People v Dort*, 18 AD3d 23, 24 [2005], *lv denied* 4 NY3d 885 [2005]). This may be satisfied by reliable hearsay such as the case summary where, as here, defendant did not dispute its contents (*see People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]; *People v Ashley*, 19 AD3d 882, 883 [2005]; *People v Hill*, 17 AD3d 715, 716 [2005]).

Here, in support of its upward departure, County Court relied upon the aggravating factors that, during the sexual assault, defendant attempted to physically subdue his victim by spraying her with pepper spray; after sexually abusing and assaulting her (by punching her in the face), he tied her up and dumped her out of his vehicle into a ditch while she was still bound. While the risk assessment instrument assigned 10 points under "use of violence" in that defendant "used forcible compulsion," we find that—under the exceptionally violent and depraved circumstances of defendant's crime as reflected in the case summary—County Court properly relied upon aggravating factors of a kind and to a degree not adequately taken into account by the guidelines (*see People v Kwiatkowski, supra*; *People v Guaman, supra*). As the Board's guideline on the "use of violence" factor notes, "[r]esearch on sex offenders shows that the offender's use of violence is positively correlated with his [or her] likelihood of reoffending . . . [and] is, of course, also a factor strongly associated with the offender's dangerousness to the community" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7, factor 1 [Nov. 1997]).

While County Court also noted, in support of its upward departure, the violent nature of defendant's act and the fact that it was perpetrated against a stranger, factors for which he was assigned points in the risk assessment instrument, we do

not find this to be duplicative of the risk assessment instrument. Rather, the clear import of the court's finding was that the overall nature of defendant's use of violence and crime was not adequately reflected or taken into account in the risk assessment instrument, and we decline to disturb the upward departure (*see People v Allen*, 24 AD3d 979, 980 [2005]; *People v Kwiatkowski, supra*; *cf. People v Mount, supra*).

Next, while we recognize that the statute directs the sentencing court to "render an *order* setting forth its determinations and the *findings of fact and conclusions of law* on which the determinations are based" (Correction Law § 168-n [3] [emphases added]), our Court has reviewed the findings of fact and conclusions of law which were made by County Court orally, on the record, at the close of the hearing. We find this practice to be in compliance with the statutory directive, provided the record is clear that the court is doing so (*see e.g. People v Miranda, supra* at 911; *People v Marr*, 20 AD3d 692, 693 [2005]; *People v Sanchez*, 20 AD3d 693 [2005]).

Finally, we note that the order containing County Court's final determination, as required by Correction Law § 168-n (3), should have been denominated an "order" (*see* CPLR 5512 [a]) or contain language that "It is so ordered" to clarify that it is an appealable paper.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.