■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL PERKINS, Appellant. [826 NYS2d 875]—

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered February 18, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 et seq.). Although the Board of Examiners of Sex Offenders assessed defendant as a level two risk, it recommended an upward departure to a level three risk, based in part upon its finding that defendant "ha[d] been diagnosed with clinical depression as well as alcohol, cocaine, and mari[h]uana depend[e]ncy." Contrary to defendant's contention, Supreme Court did not rely on allegations of a second victim in granting the upward departure. Rather, in determining that defendant is a level three risk, the court found that the risk of defendant to the community was increased based on his "extensive history of mental health issues, coupled with his dependency on alcohol, cocaine and mari[h]uana." That was error. The court's reliance on defendant's history of drug and alcohol abuse to justify the upward departure from the presumptive risk level was improper because defendant's history of substance abuse was already taken into account when defendant was assessed maximum points for that history in the risk assessment instrument (see People v Mount, 17 AD3d 714, 715 [2005]). In addition, the court's reliance on defendant's history of mental health problems to justify the upward departure was improper because the record contains no evidence that defendant's mental health history is "causally related to any risk of reoffense" (People v Zehner, 24 AD3d 826, 827 [2005]). We thus conclude that the court's determination of defendant's risk level is not supported by the requisite clear and convincing evidence (see Correction Law § 168-n [3]; cf. People v Carswell, 8 AD3d 1073 [2004], lv denied 3 NY3d 607 [2004]), and we modify the order by determining that defendant is a level two risk. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.