■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL LEIBACH, Appellant. [832 NYS2d 825]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lamont, J.), entered December 8, 2005 in Rensselaer County, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1996, defendant pleaded guilty to the crime of rape in the first degree and was sentenced to a prison term of 5 to 15 years. That plea was in satisfaction of a 10-count indictment charging him with sodomy in the first degree, five counts of rape in the first degree, rape in the second degree, sodomy in the second degree, sexual abuse in the first degree and endangering the welfare of a child. The charges stemmed from allegations that defendant committed deviate sexual acts approximately two times a week over the course of several years upon a female relative who was between 5 and 12 years old during the period of the accused crimes.

Prior to defendant's release from prison, the Board of Examiners of Sex Offenders issued a risk assessment instrument assigning him a score of 105, which presumptively placed him in the risk level II category under the Sex Offender Registration Act (*see* Correction Law art 6-C). The Board, however, recommended that defendant be designated a risk level III sex offender due to "the extremely chronic nature of the crimes." Following a hearing, Supreme Court agreed with the Board's recommendation and classified defendant at level III, prompting this appeal.

Supreme Court's upward departure from the presumptive risk level II assessment is supported by clear and convincing evidence in this record. The court's decision rests soundly on a case summary, a presentence investigation report, the victim's statement and, notably, defendant's own admissions to police. In discussing the upward departure, Supreme Court noted its view that defendant should have been assessed an additional 10 points given the presence of certain information in the record regarding his failure to accept responsibility for his actions (*see People v Scott*, 29 AD3d 1025, 1027 [2006]). Nonetheless, regardless of that issue, Supreme Court indicated that the upward departure was justified given the nature and duration of the sexual abuse of the victim, which was "not otherwise adequately taken into account by the guidelines." In doing so, the court stated that the 20 points already assigned in the risk assessment instrument for "[c]ontinuing course of sexual misconduct" did not adequately reflect the aggravating factors of the length and nature of defendant's abuse towards the victim (*see People v Joslyn*, 27 AD3d 1033, 1035 [2006]). Given all the circumstances, we find no reason to disturb Supreme Court's classification of defendant as a risk level III sex offender (*see People v Allen*, 24 AD3d 979, 980 [2005]).

Additionally, we do not agree with defendant's contention that Supreme Court did not render an adequate order detailing the findings of fact and conclusions of law upon which its determination was based (*see* Correction Law § 168-n [3]). Upon review of the oral findings of fact and conclusions of law contained in this record, we find them sufficient and in compliance with the statute (*see People v Joslyn, supra* at 1035).

We have considered defendant's remaining contentions, including his assertion that he was denied due process, and find them to be unpersuasive.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.