■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GARY, Appellant. [845 NYS2d 898]—

Appeal from an amended order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered December 19, 2005. The amended order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an amended order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We agree with defendant that the People failed to present the requisite clear and convincing evidence that he used forcible compulsion against the victim to support the assessment of 10 points under that risk factor (*see generally People v Hegazy*, 25 AD3d 675, 676 [2006]). The use of forcible compulsion is not the equivalent of the infliction of physical injury (*see* Penal Law § 10.00 [9]; § 130.00 [8]), and defendant pleaded nolo contendere to, inter alia, two counts of attempted sexual battery under a Florida statute that does not require the use of forcible compulsion.

Reducing the total risk factor score by 10 points results in a total risk factor score of 95, which is within the presumptive level two risk classification. Nevertheless, we conclude that Supreme Court's upward departure from that presumptive risk level to a level three risk is supported by clear and convincing evidence (*see People v Carswell*, 8 AD3d 1073 [2004], *lv denied* 3 NY3d 607 [2004]; *see also People v Hitt*, 7 AD3d 813 [2004], *lv denied* 3 NY3d 606 [2004]). "If the risk of a repeat offense is high and there is a threat to the public safety, a level three designation is appropriate" (*People v Gandy*, 35 AD3d 1163, 1164 [2006]; *see* Correction Law § 168-*l* [6] [c]). " '[C]riminal history factors indicative of [a] high risk of repeat offense [include factors such as] whether the sex offender committed the felony sex offense against a child . . . [and] the age of the sex offender at the time of the commission of the first sex offense,' . . . [as well as] 'the number, date and nature of prior offenses' " (*People v Heichel*, 20 AD3d 934, 935 [2005]). Here, the People presented clear and convincing evidence that, over a seven-year period, defendant committed numerous sexual offenses against his stepdaughter, who was seven years old when the abuse began, and that defendant has an extensive criminal history, including a conviction in Florida for failing to register as a sex offender. We thus conclude that defendant is at a high risk for re-offending and that an upward departure to a level three risk was warranted. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.