■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE M. JACKSON, Appellant. [849 NYS2d 726]—

Mercure, J.P. Appeal from an order of the County Court of Broome County (Mathews, J.), entered October 19, 2006, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Following a jury trial, defendant was convicted of rape in the first degree and attempted rape in the first degree and was sentenced to 5 to 10 years in prison. Prior to his release, a hearing was held pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) and defendant was classified as a risk level two sex offender. Defendant now appeals.

Defendant contends that his status should be reduced to a

---

risk level one sex offender because County Court erroneously assigned him 20 points under risk factor 6 of the risk assessment instrument for a physically helpless victim and 15 points under risk factor 9 for prior crimes. Defendant initially argues that since he was assigned 10 points for the use of forcible compulsion under risk factor 1, the additional assignment of 20 points for a physically helpless victim is inconsistent and not supported by clear and convincing evidence. We disagree.

At defendant's trial, the jury determined that defendant committed two separate crimes against the victim, one while the victim was asleep and the other, by force, after the victim awakened.* Inasmuch as facts determined at trial are deemed established by clear and convincing evidence and are not to be relitigated at Sex Offender Registration Act hearings (see Correction Law § 168-n [3]; People v Hood, 35 AD3d 1138, 1139 [2006], lv denied 8 NY3d 808 [2007]; People v Arotin, 19 AD3d 845, 847 [2005]), we find County Court's assignment of points in risk factor 6 to be appropriate. As a result, even if, as he urges, his total score were reduced by the 15 points assigned in risk factor 9, the resulting total would still be within the risk level two classification. Moreover, in our view, County Court adequately set forth the findings of fact and conclusions of law upon which its determination was based at the end of the hearing (see People v Joslyn, 27 AD3d 1033, 1035 [2006]). Therefore, we find that defendant was properly classified as a risk level two sex offender.

Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Defendant's conviction for both crimes was subsequently affirmed by this Court (People v Jackson, 290 AD2d 644, 647 [2002], lv denied 98 NY2d 711 [2002]).