THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. WALESKI, Appellant. [854 NYS2d 613]—

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We agree with defendant that County Court erred in adopting the recommendation of the Board of Examiners of Sex Offenders that an upward departure from a level one to a level two risk was warranted based upon the failure of defendant to address his alcohol and marihuana use. "The court's reliance on defendant's history of drug and alcohol abuse to justify the upward departure from the presumptive risk level was improper because defendant's history of substance abuse was already taken into account when defendant was assessed maximum points for that history in the risk assessment instrument" (*People v Perkins*, 35 AD3d 1167, 1168 [2006]; *see People v Mount*, 17 AD3d 714, 715 [2005]). In addition, we note that defendant successfully participated in a sex offender treatment program while incarcerated. We therefore conclude that the court's determination of defendant's risk level is not supported by the requisite clear and convincing evidence (*see* Correction Law § 168-n [3]; *cf. People v Carswell*, 8 AD3d 1073 [2004], *lv denied* 3 NY3d 607 [2004]), and we modify the order accordingly. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.