■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON A. HAYWARD, Appellant. [860 NYS2d 344]—

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), entered May 25, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.). The Board of Examiners of Sex Offenders (Board) recommended an upward

departure from defendant's presumptive classification as a level two risk based on the total risk factor score on the risk assessment instrument (RAI). We agree with defendant that County Court erred in agreeing with the Board's recommendation inasmuch as the upward departure is not supported by the requisite clear and convincing evidence (*see People v Mount*, 17 AD3d 714 [2005]). Although a court may in the exercise of its discretion depart from the presumptive risk level determined by the RAI based upon the facts in the record (*see People v Girup*, 9 AD3d 913 [2004]), the "utilization of the [RAI] will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman*, 8 AD3d 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997 ed]). "A[n upward] departure from the presumptive risk level is warranted where 'there exists an aggravating . . . factor of a kind or to a degree *not otherwise taken into account by the [risk assessment] guidelines*' " (*People v Inghilleri*, 21 AD3d 404, 406 [2005] [emphasis added], quoting Risk Assessment Guidelines and Commentary, at 4; *see Mount*, 17 AD3d 714 [2005]; *Girup*, 9 AD3d at 913; *Guaman*, 8 AD3d 545 [2004]) and, here, there was no evidence of such an aggravating factor (*see Mount*, 17 AD3d 714 [2005]). We therefore modify the order accordingly. Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.