Mercure, J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered September 26, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to attempted disseminating indecent materials to minors in the first degree, and was thereafter sentenced by County Court to 180 days in jail and 10 years of probation, to be served concurrently (People v McElhearn, 56 AD3d 954 [2008] [decided herewith]). After an initial risk level determination was made by the court pursuant to the Sex Offender Registration Act (Correction Law art 6-C), that determination was vacated because defendant was not provided with the statutorily required notice of the proceeding (see Correction Law § 168-n [3]). Although defendant was thereafter presumptively classified as a risk level two sex offender in the risk assessment instrument (hereinafter RAI), the People requested an upward departure, noting among other things that defendant had reoffended despite a prior classification at a risk level two, and the predatory nature of defendant’s conduct towards young victims. Following a hearing, the court classified defendant as a risk level three and predicate sex offender. Defendant appeals and we now affirm.
Pursuant to Correction Law § 168-n (1) and (2), a sentencing court must make a determination with respect to whether a defendant is a predicate sex offender and a defendant’s risk level of notification “after receiving a recommendation from the *979 [Board of Examiners of Sex Offenders]” (see People v Black, 33 AD3d 981, 981-982 [2006]; People v Brooksvasquez, 24 AD3d 644, 644 [2005]; see also Doe v Pataki, 120 F3d 1263, 1268-1269 [2d Cir 1997], cert denied 522 US 1122 [1998]). Here, the People concede that the Board did not provide a recommendation to the court; evidently the Probation Department completed the RAI instead. Notwithstanding this error, inasmuch as defendant failed to object before County Court, his argument in this regard is not preserved for our review (see People v Charache, 9 NY3d 829, 830 [2007]; People v McLean, 55 AD3d 973, 974 [2008]).
Turning to the merits, we note initially that even if defendant were to prevail upon his challenges to the points assessed under risk factors 5 and 12, his total score on the RAI would remain within the presumptive level two classification. County Court’s classification of defendant as a risk level three sex offender, however, was not based upon the total score set forth in the RAI; rather, the court determined that an upward departure from a risk level two classification was warranted under the circumstances of this case. We agree.
“An upward departure from the presumptive risk level is appropriate when aggravating . . . factors are present which were not otherwise sufficiently taken into consideration by the risk assessment guidelines” (People v Kwiatkowski, 24 AD3d 878, 879 [2005]; see People v Mount, 17 AD3d 714, 715 [2005]). Such a departure must be supported by clear and convincing evidence (see People v Kraus, 45 AD3d 826, 827 [2007]; People v Zehner, 24 AD3d 826, 827 [2005]). Here, County Court concluded that the RAI did not adequately take into consideration factors such as defendant’s pattern of offenses involving 14- or 15-year-old girls and the predatory nature of his conduct towards all of his intended victims. Inasmuch as clear and convincing evidence supports County Court’s determination that an upward departure from the presumptive risk level two classification was warranted, we decline to disturb the court’s classification of defendant as a risk level three sex offender (see People v Miller, 48 AD3d 774, 775 [2008], lv denied 10 NY3d 711 [2008]; People v Leibach, 39 AD3d 1093, 1094 [2007], lv denied 9 NY3d 806 [2007]; People v Lesch, 38 AD3d 1129, 1130 [2007], lv denied 8 NY3d 816 [2007]; People v Kwiatkowski, 24 AD3d at 879).
In light of our determination that the upward departure herein was proper, we do not reach defendant’s arguments regarding the points assessed under risk factors 5 and 12 (see generally People v Jackson, 47 AD3d 1135, 1136 [2008], lv denied 10 NY3d 709 [2008]; People v Ashley, 19 AD3d 882, 883 [2005]).
Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.