# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**214**
**KA 09-01940**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

VINCENT GRADY, DEFENDANT-APPELLANT.

---

RONALD C. VALENTINE, PUBLIC DEFENDER, LYONS (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (JACQUELINE MCCORMICK OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), entered December 19, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We agree with defendant that County Court erred in relying on certain factors to justify an upward departure from his presumptive classification as a level two risk. "A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors . . .[,] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*People v Howe*, 49 AD3d 1302, 1302 [internal quotation marks omitted]; *see People v Wheeler*, 59 AD3d 1007, *lv denied* 12 NY3d 711). Contrary to the court's determination, "danger to the community" is not an aggravating factor inasmuch as sex offenders at all three risk levels are, at varying degrees, deemed dangers to the community (*see generally* Correction Law § 168-*l* [5]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 1 [2006]). In addition, the court erred in relying on defendant's history of marihuana, crack cocaine and alcohol abuse as an aggravating factor inasmuch as " 'defendant's history of substance abuse was already taken into account when defendant was assessed maximum points for that history [under risk factor 11] in the risk assessment instrument [RAI]' " (*People v Waleski*, 49 AD3d 1271; *see People v Perkins*, 35 AD3d 1167). The court also erred in relying on the failure of defendant to accept

responsibility for his offense and on his minimization of guilt as aggravating factors inasmuch as those factors were taken into account under risk factor 12 in the RAI (*see* Risk Assessment Guidelines and Commentary, at 15).  We further conclude that the court erred in relying on defendant's purported learning disability and low IQ to justify an upward departure inasmuch as the record is devoid of any evidence that those factors are causally related to a risk of reoffense (*see People v Burgos*, 39 AD3d 520; *Perkins*, 35 AD3d 1167; *cf. People v Chandler*, 48 AD3d 770, 778; *People v McCollum*, 41 AD3d 1187).

The sole remaining factor relied upon by the court to justify an upward departure was the failure of defendant to complete substance abuse counseling.  We conclude on the record before us that such a factor, without more, is insufficient to justify an upward departure.  Inasmuch as the People raise no additional aggravating factors, defendant is properly classified as a level two risk (*see generally Burgos*, 39 AD3d 520; *Perkins*, 35 AD3d 1167).  We therefore modify the order accordingly.

Entered:  February 18, 2011                      Patricia L. Morgan
                                                 Clerk of the Court