# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1026

KA 11-00996

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CARLOS DIAZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered March 21, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Although the risk assessment instrument (RAI) assessed defendant as a level two risk, the Board of Examiners of Sex Offenders recommended an upward departure based on the pattern of defendant's sexual offenses and his diagnosis of schizophrenia. County Court concluded that an upward departure was warranted and thus determined that defendant is a level three risk. That was error.

"A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*People v Abraham*, 39 AD3d 1208, 1209 [internal quotation marks omitted]; *see People v Grady*, 81 AD3d 1464, 1464). Here, the court erred by basing its upward departure on factors already taken into account by the RAI, i.e., the short period of time between defendant's offenses and defendant's pattern of touching the victims under their clothing, targeting strangers and using forcible compulsion. Additionally, the court erred in relying on defendant's alleged mental illness to justify the upward departure inasmuch as the record contains no admissible evidence that defendant

in fact suffers from a mental illness, and the record is devoid of evidence that the alleged mental illness is " 'causally related to any risk of reoffense' " (*People v Perkins*, 35 AD3d 1167, 1168; *see Grady*, 81 AD3d at 1465; *see generally* Correction Law § 168-n [3]; *People v Hayward*, 52 AD3d 1243, 1244).  Thus, we conclude that defendant is properly classified as a level two risk (*see Perkins*, 35 AD3d at 1168), and we therefore modify the order accordingly.

All concur except FAHEY, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent and would affirm. Here, County Court determined that defendant was a level three risk based upon two prior sexual offenses committed by him.  The first of defendant's sexual offenses occurred when he was in an inpatient psychiatric unit.  Defendant pushed his victim, a social worker, into a restroom and touched her buttocks and vaginal areas.  The second sexual offense also involved defendant's use of aggression against his victim.  In that incident, defendant followed a woman who was a stranger to him into a building and onto an elevator.  When the woman exited the elevator with defendant, he told her that he needed a hug. The woman refused, and defendant then pinned her against a wall, pulled up her dress, and touched her vagina and anus under her clothing.

Shortly before defendant's release from incarceration, the Board of Examiners of Sex Offenders (Board) prepared a risk assessment instrument (RAI), wherein it assigned defendant points under the following risk factors:  1 (use of violence [forcible compulsion]); 2 (sexual contact with victim [under clothing]); 7 (relationship with victim [stranger]); 8 (age of first sexual misconduct 20 or less); 9 (number of prior crimes [prior violent felony or misdemeanor sex crime]); 10 (recency of prior offense less than three years); and 11 (drug or alcohol abuse [history of abuse]).  The Board determined that defendant had a risk assessment score of 105 points, which placed him at the high end of the range for a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*).  The Board, however, recommended an upward departure from the presumptive risk level based on the pattern of defendant's sexual offenses, his diagnosis of schizophrenia, and his history of marihuana abuse. Relying on the Board's case summary, the court determined that defendant is a level three risk based on defendant's conviction of "forcibly sexually abusing two women who were strangers to him," his "diagnosis of a serious mental disorder and [his] history of abuse of marijuana."

"A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors . . . [,] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*People v Hueber*, 81 AD3d 1466, 1467, *lv denied* 17 NY3d 701, *cert denied* ___ US ___, 132 S Ct 294 [internal quotation marks omitted]).  " 'The People bear the burden of establishing the appropriate risk level classification by clear and convincing evidence [and] [s]uch evidence may consist of reliable hearsay including, among other things, the presentence investigation report, [RAI] and case

summary' " (*People v McFall*, 93 AD3d 962, 963; *see* Correction Law §
168-n [3]; *People v Pettigrew*, 14 NY3d 406, 409).

Here, the People met their burden of establishing that an
aggravating factor not accounted for in the RAI existed, warranting an
upward departure from the presumptive risk level.  Although the court
relied upon factors accounted for in the RAI, i.e., defendant's drug
abuse, use of forcible compulsion and his targeting of strangers, as a
basis for the upward departure, the court also relied on a factor not
accounted for in the RAI, i.e., defendant's serious mental disorder.
In my view, that factor supports the court's determination to make an
upward departure.  There should be no dispute that schizophrenia is
marked by a breakdown of thought processes and poor emotional
responses and typically manifests itself in disorganized thinking and
social dysfunction.  That disorder, coupled with the nature of
defendant's attacks——he appears to struggle with social boundaries and
is prone to preying on women who are alone——compels the conclusion
that defendant should be subjected to greater scrutiny so long as he
is free within the community.

Finally, I cannot agree with the majority that the record does
not support the conclusion that defendant's significant mental
disorder is causally related to his risk of reoffense.  While there is
no requirement that the unsigned case summary to which the majority
refers always be credited, it "meet[s] the 'reliable hearsay' standard
for admissibility at SORA proceedings" and thus was properly
considered by the court (*People v Mingo*, 12 NY3d 563, 573; *see*
*Pettigrew*, 14 NY3d at 408-409).  In my view, the connection between
defendant's schizophrenia and his risk of reoffending implied in the
case summary is neither unduly speculative nor undermined by other
more compelling evidence (*cf. Mingo*, 12 NY3d at 572-573).  I would
thus affirm.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court