# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

760

KA 12-00879

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

DAVID BOTINDARI, DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (HEATHER M. DESTEFANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), entered November 14, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.), defendant contends that County Court's upward departure from his presumptive classification as a level two risk is not supported by clear and convincing evidence. We reject that contention. "A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors . . . [,] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*People v Grady*, 81 AD3d 1464, 1464 [internal quotation marks omitted]; *see People v Wheeler*, 59 AD3d 1007, 1008, *lv denied* 12 NY3d 711). Here, there is clear and convincing evidence that defendant committed a series of sexual offenses against his girlfriend's daughter over the course of more than seven years, beginning when the victim was five years old. Contrary to defendant's contention, the court properly concluded that the risk assessment instrument prepared by the Board of Examiners of Sex Offenders did not adequately take into account the nature and duration of the sexual abuse, including the victim's young age when the abuse began and defendant's exploitation of his relationship of trust with the victim's family (*see People v May*, 77 AD3d 1388, 1388; *People v Mantilla*, 70 AD3d 477, 478, *lv denied* 15 NY3d 706; *see generally People v Harris*, 50 AD3d 1556, 1557, *lv denied* 10 NY3d 716;

*People v Leibach*, 39 AD3d 1093, 1094, *lv denied* 9 NY3d 806).