People v Cardinale (2018 NY Slip Op 03046)





People v Cardinale


2018 NY Slip Op 03046


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


598 KA 17-01093

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANE CARDINALE, DEFENDANT-APPELLANT. 






ADAM H. VANBUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (AMANDA L. CASSELMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered April 4, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.) after a conviction arising from his possession of child pornography on his computer. The Board of Examiners of Sex Offenders determined that defendant is presumptively a level one risk, and found that there was no clear and convincing evidence to warrant an upward departure from that risk level. At the request of the People, County Court recalculated defendant's presumptive risk level, assigning points for risk factor 7 because defendant's relationship with the victim was that of a stranger, thereby bringing defendant to a risk factor score of 80, which is a level two risk. Although not requested by the People, the court sua sponte ordered an upward departure to a level three risk. That was error.
"It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence . . . , the existence of an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines' " (People v Symonds, 147 AD3d 1325, 1325-1326 [4th Dept 2017], lv denied 29 NY3d 909 [2017]). We agree with defendant that the upward departure is not supported by the requisite clear and convincing evidence (see People v Hayward, 52 AD3d 1243, 1244 [4th Dept 2008]), and we therefore modify the order accordingly.
Contrary to defendant's further contention, he was properly classified as a level two risk after the assessment of points for risk factor 7 (see People v Johnson, 11 NY3d 416, 420-421 [2008]). We have examined defendant's remaining contention and conclude that it is without merit.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court