People v Kent (2019 NY Slip Op 06167)





People v Kent


2019 NY Slip Op 06167


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2015-07942

[*1]People of State of New York, respondent,
v
Adam Kent, appellant.


Janet E. Sabel, New York, NY (Justine Luongo, Lorca Morello, and Nancy Little of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Michelle Kaszuba of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Dorothy Chin-Brandt, J.), dated July 21, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to attempted rape in the second degree arising out of internet communications he had over a four-month period with someone he believed to be a 14-year-old girl, but who was actually an undercover police officer (hereinafter UC). The defendant's messages to the "victim" indicated that he wanted to engage in sexual relations with her, and he repeatedly attempted to meet with her. When the defendant showed up at a designated meeting place, he asked another UC, who was posing as the child, to take him to her home.
As the date of the defendant's release from incarceration approached, the Supreme Court held a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), and the People sought the imposition of 70 points on the risk assessment instrument (hereinafter RAI). The court assessed the defendant a total of 70 points—30 points on the ground that there were multiple victims (risk factor 3), 20 points based on the age of the victims (risk factor 5), and 20 points based on the defendant's establishment of a relationship with the victim for the primary purpose of victimization (risk factor 7)—making the defendant a presumptive level one offender (see generally Matter of O'Brien v State of N.Y. Div. of Probation & Correctional Servs., 263 AD2d 804, 804 n 1). The People sought an upward departure to a risk level two designation on the ground that a forensic review of the contents of the defendant's computer showed that the defendant had engaged in sexually explicit conversations with five other underage females. The People also contended that an upward departure was warranted based on the duration of the defendant's sexually explicit internet communications with the person he believed to be 14 years old and the fact that the defendant showed up at the designated meeting place for the purpose of having sex with the "victim." The defendant opposed the assessment of 30 points under risk factor 3 and 20 points under risk factor 7, and he opposed the upward departure to a risk level two designation.
The Supreme Court determined that the circumstances warranted an upward departure to level two, citing, inter alia, the duration of the defendant's internet communications with the UC and the facts that the defendant showed up to meet the "victim" in person, engaged in conversations with other underage females, and indicated that he wanted to have sex with the "victim." In an order dated July 21, 2015, the court designated the defendant a level two sex offender. The defendant appeals.
We agree with the Supreme Court's assessment of 30 points under risk factor 3. The People established by clear and convincing evidence that the defendant victimized more than three children which resulted in his conviction of attempted rape in the second degree (see People v Morrison, 156 AD3d 831, 831-832; People v Kruger, 88 AD3d 1169, 1169-1170).
We also agree with the Supreme Court's assessment of 20 points under risk factor 7, on the ground that the defendant established a relationship with someone he believed to be a 14-year-old girl through sexually explicit internet communications with her over a period of four months for the primary purpose of victimization (see People v DeDona, 102 AD3d 58, 67).
Further, we agree with the Supreme Court's determination granting the People's request for an upward departure. "Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (People v Gillotti, 23 NY3d 841, 861). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [SORA] [G]uidelines" (id. at 861; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861). "If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id.).
Although the defendant correctly contends that the Supreme Court should not have considered the number of victims as an aggravating factor because the other victims had already been accounted for by the imposition of points under risk factor 3 (see id. at 853; People v Mota, 165 AD3d 988, 989), the People nevertheless sustained their burden of proving by clear and convincing evidence the existence of other aggravating factors which were not adequately taken into account by the RAI, and that these factors tended to establish a higher likelihood of reoffense or danger to the community. The People demonstrated that the four-month duration of the defendant's sexually explicit internet communications with the person he believed to be 14 years old is an aggravating factor not adequately taken into account by the RAI, as well as the fact that the defendant actually showed up at the designated meeting place indicating that he wanted to have sex with her (see People v Suarez, 163 AD3d 884, 885; People v DeDona, 102 AD3d at 68-69).
Therefore, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure to risk level two.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court