People v Lopez (2020 NY Slip Op 00708)





People v Lopez


2020 NY Slip Op 00708


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


69 KA 19-00670

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RUFINO LOPEZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), dated February 8, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Contrary to defendant's contention, Supreme Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse inasmuch as " [t]he statements in the case summary and presentence report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points under th[at] risk factor' " (People v Kunz, 150 AD3d 1696, 1696 [4th Dept 2017], lv denied 29 NY3d 916 [2017]). Here, the case summary and presentence report establish that defendant began using marihuana, alcohol, and cocaine as a teenager; that he has a history of drug-related offenses; that he received multiple sanctions for drug use while incarcerated for the underlying sex offense; and that, although he was recommended for the Alcohol and Substance Abuse Treatment program while incarcerated, he was unable to complete that program due to his disciplinary sanctions (see generally id. at 1697; People v Mundo, 98 AD3d 1292, 1293 [4th Dept 2012], lv denied 20 NY3d 855 [2013]; People v Carswell, 8 AD3d 1073, 1073-1074 [4th Dept 2004], lv denied 3 NY3d 607 [2004]). We have considered defendant's remaining contention and conclude that it does not require reversal or modification of the order.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court