THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. VASQUEZ, Appellant. [853 NYS2d 767]—

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We conclude that County Court properly determined that defendant is a level two risk, although our reasoning differs from that of the court. Defendant was convicted of multiple crimes arising from two incidents involving different victims. Defendant was convicted of forcible touching (Penal Law § 130.52) and sexual abuse in the third degree (§ 130.55) arising out of the first incident, but those offenses do not constitute "[s]ex offense[s]" triggering the SORA registration process because defendant had not previously been convicted of a sex offense, sexually violent offense, forcible touching, or sexual abuse in the third degree (Correction Law § 168-a [2] [c]). Thus, we agree with defendant that the court erred in assessing any points against him under the "Current Offense(s)" section of the risk assessment instrument (RAI) based upon that incident and that the court erred in assessing 20 points for defendant's commission of sex offenses against two victims. The court also erred in assessing 15 points for defendant's history of drug and alcohol abuse inasmuch as there was no evidence that defendant used drugs or alcohol in connection with the second incident (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]), and the People otherwise failed to establish by clear and convincing evidence that defendant had a history of alcohol or drug abuse (*see People v Collazo*, 7 AD3d 595, 596 [2004]).

Contrary to the contention of defendant, however, the court

properly assessed 10 points for his use of forcible compulsion in the second incident. Because the Risk Assessment Guidelines employ the terminology of the Penal Law, the term "forcible compulsion" as used in the RAI includes "a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person" (§ 130.00 [8] [b]; *see* Risk Assessment Guidelines and Commentary, at 8). In determining whether a threat amounts to forcible compulsion, the court must consider "the state of mind produced in the victim by the defendant's conduct" (*People v Thompson*, 72 NY2d 410, 416 [1988], *rearg denied* 73 NY2d 870 [1989]), and " 'relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim' " (*People v Voymas*, 39 AD3d 1182, 1183 [2007], *lv denied* 9 NY3d 852 [2007]; *see People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]). Here, the 19-year-old victim testified that defendant, a former State Trooper, used force, and she feared that he would hurt her if she resisted. That testimony constitutes clear and convincing evidence that defendant used forcible compulsion, notwithstanding that he was acquitted of rape in the first degree (Penal Law § 130.35 [1]) and was instead convicted of rape in the third degree (§ 130.25 [3]). Thus, including the 10 points properly assessed for forcible compulsion, the total risk factor score is 35, presumptively classifying defendant as a level one risk.

Nevertheless, we conclude that an upward departure to a level two risk was warranted inasmuch as there was the requisite clear and convincing evidence of " 'an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines' " (*People v Dexter*, 21 AD3d 403, 404 [2005], *lv denied* 5 NY3d 716 [2005]). Here, the court stated that the upward departure from the presumptive risk level was based on defendant's status as a state trooper. That status alone does not, however, constitute a special circumstance warranting an upward departure because defendant is no longer a state trooper, and his former status does not bear upon his risk of re-offending. Nevertheless, we conclude that defendant's concurrent conviction of the misdemeanor offenses arising out of the first incident warranted an upward departure from the presumptive risk level. Such a concurrent conviction "may be the basis for an upward departure if it is indicative that the offender poses an increased risk to public safety" (Risk Assessment Guidelines and Commentary, at 14). Here, the record establishes that, two months before raping the second victim, defendant not only forcibly

touched the first victim but, when she rejected his advances, he became enraged, took her car keys to prevent her from leaving, and relented only after she had secured herself within a locked building for approximately an hour. Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.