■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTUS BARODY, Appellant. [864 NYS2d 202]—

Carpinello, J. Appeal from an order of the County Court of Schenectady County (Giardino, J.), entered March 3, 2008, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 1990, defendant pleaded guilty to the crime of lewd and lascivious conduct with a child less than 16 years of age and was sentenced to 45 months of probation. In 1993, defendant was convicted of aggravated stalking, which violated his sex offender probation, and was again sentenced to probation. In 1994, defendant pleaded guilty to burglary and aggravated stalking, again violating his probation, and was sentenced to two years in prison. Defendant was released from prison to probation in August 1996 and successfully completed his probation in August 2001. All of these events took place while defendant resided in Florida.

In 2006, defendant moved to New York, whereupon he was notified by the Board of Examiners of Sex Offenders that he was required to register under the Sex Offender Registration Act (*see* Correction Law art 6-C). In connection therewith, the Board evaluated defendant at a risk factor score of 75 which presumptively placed him at a risk level two classification, but recommended an upward modification to risk level three. Following a risk assessment hearing, County Court departed from the Board's recommendation, evaluating him at a risk factor score of 45, which presumptively placed him at a risk level one classification, but concluded that an upward departure to risk level two was warranted based upon the nature of defendant's crimes. Defendant now appeals.

Defendant contends that County Court erred in modifying his classification upward. Such modification is only warranted when there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Board's Risk Assessment Guidelines and the court's finding of such is supported by clear and convincing evidence (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Roe*, 47 AD3d 1156, 1156 [2008]; *People v Lesch*, 38 AD3d 1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]). Here, in adjusting defendant's classification upward, County Court relied on the "nature" of defendant's convictions for aggravated stalking and burglary. However, the record does not contain any facts underlying those two convictions. Notably, even were one or both of these offenses to have involved "sexual misconduct," under the guidelines defendant would have only been assessed an additional 10 points, for a total of 55 points, still reasonably below the threshold for a risk level two classification (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). As such, we find that, based on this record, County Court's deviation from the presumptive risk level was not supported by clear and convincing evidence.

Cardona, P.J., Mercure, Peters and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level one sex offender under the Sex Offender Registration Act.