THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN PALMER, Appellant. [892 NYS2d 232]—

Spain, J.

While living in Florida in August 2002, defendant sexually molested a 15-year-old girl. Approximately five months later, he was involved in an armed home invasion in that state. He subsequently pleaded guilty to crimes arising out of both incidents and was sentenced to an aggregate five-year prison term. Upon his release, defendant relocated to the Town of Catskill, Greene County, and the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in which he was assigned 70 points, placing him in the presumptive risk level one category under the Sex Offender Registration Act (*see* Correction Law art 6-C). At the hearing

that followed, the People argued, as relevant here, that the Board's RAI failed to properly assign 30 points under risk factor 9, for the "number and nature of prior crimes," for defendant's conviction related to the 2003 armed home invasion offense. In a detailed written decision, County Court concluded that defendant's 2003 home invasion did not constitute a "prior crime" with regard to his 2002 sex offense, but that it was a subsequent criminal offense which was an aggravating factor not adequately taken into consideration by the RAI, justifying an upward departure to a risk level two sex offender. Defendant now appeals.

We affirm. Defendant argues, for the first time on this appeal, that the People failed to comply with the statutory requirement that they provide County Court and the sex offender with 10-day written notice of their intent to seek a determination different from that recommended by the Board, and the reasons therefor (*see* Correction Law § 168-k [2]). However, defendant never at any point raised this issue before County Court and, thus, it is not preserved for our review (*see People v Charache*, 9 NY3d 829, 830 [2007]; *People v McLean*, 55 AD3d 973, 974 [2008]). The record contains a copy of the People's RAI calculating a risk factor score of 100, a presumptive level two, although it is not clear if and when the defense received it. In any event, the hearing transcript supports the conclusion that defense counsel was prepared to address and challenge the only risk factors in dispute (factor 9 [prior crimes] and factor 12 [acceptance of responsibility]).

To the extent that defendant contends that County Court was required, as a matter of due process, to advise him at the hearing that the court was considering an upward departure, we are not persuaded. A review of the record reveals that "defendant and counsel were given and pursued an ample and meaningful opportunity to respond to all aspects of the People's . . . risk level assessment" (*People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]). The defense was well aware that the People were advocating for the addition of 30 points under factor 9 based upon defendant's 2003 home invasion and that, even if that subsequent crime did not qualify as a prior crime under factor 9, the People were nonetheless urging that it be considered as part of defendant's entire history, which they argued warranted a risk level two designation. Defendant was not denied either fair notice or an opportunity to be heard on this point and he received all of the due process to which he was entitled (*see People v Brooks*, 308 AD2d 99, 103 [2003], *lv denied* 1 NY3d 502 [2003]). While County Court could have advised de-

fendant that it was considering an upward departure (*see e.g. People v Wheeler*, 59 AD3d 1007, 1008 [2009], *lv denied* 12 NY3d 711 [2009]), there is no requirement that it do so and, in any event, the record is clear that the court was taking into consideration all information relevant to his risk level—including his subsequent crimes—regardless of whether it fit within one of the RAI's defined factors. His due process claims are, consequently, without merit.

Turning to the merits, we are not persuaded that County Court abused its discretion in increasing defendant's classification from the risk level one recommended by the Board to risk level two. "To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's findings of such a factor must be supported by clear and convincing evidence" (*People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008] [citations omitted]). Here, County Court based its upward departure on defendant's subsequent criminal conduct, which the court concluded increased the risk that defendant posed to public safety and which was not reflected in the RAI. That conduct included the armed home invasion, during which defendant and another person beat and tied up their victim, put a sheet over the victim's head, stole the victim's automobile and then engaged in a high speed chase with responding law enforcement officials. Upon defendant's arrest, law enforcement discovered that he was the subject of two outstanding warrants, one related to his sex offense and the other for aggravated battery with a deadly weapon. Inasmuch as his convictions for kidnapping and false imprisonment—arising out of the armed home invasion—and for aggravated battery with a deadly weapon were not taken into account by the RAI, each was properly considered an aggravating factor indicative of violent behavior warranting an upward departure (*see People v Joslyn*, 27 AD3d 1033, 1034-1035 [2006]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13-14 [2006]). Moreover, contrary to defendant's assertion, the case summary and the Florida criminal history documentation contained in the record "constitute reliable hearsay and provide clear and convincing evidence supporting County Court's upward departure" (*People v Mann*, 52 AD3d 884, 886 [2008] [citations omitted]; *see People v Mingo*, 12 NY3d 563, 572, 574 [2009]). Accordingly, we perceive no basis upon which to disturb County Court's classification of defendant as a risk level two sex offender.

Cardona, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.