■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. BEAMES, Appellant. [896 NYS2d 530]—

McCarthy, J. Appeal from an order of the County Court of Delaware County (Becker, J.), entered February 19, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 2007, defendant was sentenced to a prison term of 1 to 3 years after pleading guilty to rape in the third degree, in full satisfaction of a three-count superior court information. Prior to his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (100 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Nevertheless, the Board recommended an upward departure to risk level three status based upon defendant's criminal history and his apparent attraction to adolescent girls. Following a risk assessment hearing, County Court classified defendant as a risk level three sex offender, prompting this appeal.

We reverse. "To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence" (*People v Brown*, 45 AD3d 1123, 1124 [2007] [citations omitted], *lv denied* 10 NY3d 703 [2008]; *see People v McElhearn*, 56 AD3d 978, 979 [2008], *lv denied* 13 NY3d 706 [2009]). Further, County Court must "render an order setting forth its determinations

and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, County Court purportedly relied on defendant's prior criminal history involving young girls, his denial of a history of drug and alcohol abuse and a clinical assessment that he is unable to control impulsive sexual behavior as evidence warranting an upward departure. Based upon our review of the record, it is unclear what crimes County Court considered and whether those crimes were already adequately covered by the risk assessment instrument. Further, defendant's history of drug and alcohol abuse is accounted for by the assignment of 15 points under risk factor 11 and there is no evidence in the record of a clinical assessment of defendant. Accordingly, County Court's findings of fact and conclusions of law are insufficiently detailed to permit intelligent appellate review (*see People v Johnson*, 67 AD3d 1206, 1207 [2009]). Inasmuch as there is evidence in the record regarding defendant's prior criminal history with young girls that may warrant an upward departure,* the matter must be remitted for the court's issuance of sufficiently detailed findings of fact and conclusions of law as to whether such a departure is appropriate.

Regarding defendant's claim that a downward departure is warranted, a review of the record reveals no mitigating circumstances not accounted for in the risk assessment instrument supporting such a departure (*see People v Mothersell*, 26 AD3d 620, 621 [2006]). Finally, defendant's contention that he was improperly assigned points for use of forcible compulsion was not raised before County Court and is therefore unpreserved for our review (*see People v Milton*, 55 AD3d 1073 [2008]). In any event, even if we were to accept his challenge to the 10 points assigned for the use of violence under risk factor 1, defendant would still remain a presumptive risk level two sex offender.

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Delaware County for further proceedings not inconsistent with this Court's decision.

* We note that one crime, with sexual implications, that is discussed in the Board's case summary was not included in defendant's presentence investigation report. The title of that crime is not recognized in New York, indicating that it may be an out-of-state conviction. The record is unclear concerning this conviction.