■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. STEWART, Appellant. [908 NYS2d 767]—

Mercure, J. Appeal from an order of the County Court of Rensselaer County (Ceresia, J.), entered July 17, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

The relevant facts are more fully set forth in our prior decision in this matter (*People v Stewart*, 61 AD3d 1059 [2009]). As relevant here, in anticipation of defendant's release from prison following his conviction for aggravated sexual abuse in the second degree, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (90 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). However, the Board recommended an upward departure from that risk level. Upon remittal from this Court to determine whether an upward departure is warranted, County Court held a hearing, after which it agreed with the People that an upward departure is appropriate and denominated defendant a risk level three sex offender. Defendant now appeals.

We affirm. An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence (*see People v Beames*, 71 AD3d 1300, 1300 [2010]; *People v Palmer*, 68 AD3d 1364, 1366 [2009]). To that end, the court may consider reliable hearsay evidence, including the case summary, risk level assessment instrument and presentence investigation report (*see* Correction Law § 168-n [3]; *People v Palmer*, 68 AD3d at 1366; *People v LaRock*, 45 AD3d 1121, 1122 [2007]). Here, 20 points were assessed in the risk assessment instrument for a continuing course of sexual misconduct. However, we agree with County Court that this "did not adequately reflect the aggravating factors of the length and nature of defendant's abuse" towards his seven-year-old victim, where the case summary and presentence investigation report establish that he had repeated contact with the victim's breasts and genitals, causing contusions and pain, and the conduct continued for well over a year (*People v Leibach*, 39 AD3d 1093, 1094 [2007], *lv denied* 9 NY3d 806 [2007]; *see People v Harris*, 50 AD3d 1556, 1557 [2008], *lv denied* 10 NY3d 716 [2008]). Finally, we find unavailing defendant's contention that County Court did not take into account his counseling efforts or the letter submitted on his behalf, inasmuch as the court stated on the record that it had reviewed that evidence and would consider it in rendering its determination.

Cardona, P.J., Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.