■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v DAVID KOST, Appellant. [917 NYS2d 916]—

The County Court's designation of the defendant as a level three sexually violent offender under the Sex Offender Registration Act (hereinafter SORA) was supported by clear and convincing evidence (*see* Correction Law § 168-n [3]). Contrary to the defendant's contention, he was properly assessed 30 points under risk factor 1 for having been armed with a dangerous instrument during the commission of the underlying offense (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7-8 [2006]). In establishing a defendant's risk level assessment pursuant to SORA, "the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence" (*People v King*, 80 AD3d 681, 682 [2011]; *see* Correction Law § 168-n [3]; *People v Hewitt*, 73 AD3d 880 [2010]). The victim's statement, offered by the People at the SORA hearing, constituted "reliable hearsay" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563, 573-574 [2009]; *People v Copeland*, 79 AD3d 716 [2010], *lv denied* 16 NY3d 705 [2011]), and satisfied the People's burden of proving, by clear and convincing evidence, that the defendant was armed with a dangerous instrument during the commission of the offense. That evidence provided a sufficient basis for the assessment of 30 points under risk factor 1, notwithstanding that the defendant was acquitted at trial of the counts alleging that he possessed a weapon, which establishes only that the jury did not find all elements of those offenses to have been proved beyond a reasonable doubt, a more rigorous standard of proof than the clear and convincing evidence standard (*see People v Vasquez*, 49 AD3d 1282, 1284 [2008]; *People v Powell*, 27 Misc 3d 1212[A], 2010 NY Slip Op 50719[U] [2010]).

The defendant's remaining contention is without merit. Covello, J.P., Lott, Roman and Miller, JJ., concur.