■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAINE FREEMAN, Appellant. [925 NYS2d 254]—

Spain, J. Appeal from an order of the County Court of Columbia County (Nichols, J.), entered June 16, 2009, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in January 2008 to rape in the third degree based on his admission to having sexual intercourse at the age of 33 with a 15-year-old girl, and he was sentenced to 1 to 3 years in prison (*People v Freeman*, 67 AD3d 1202 [2009]). In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender. At the hearing that followed, County Court modified the points assessed for two of the enumerated risk factors, resulting in a presumptive risk level one classification. The court thereafter determined that an upward departure was warranted and classified defendant as a risk level two sex offender, prompting this appeal by defendant.

Defendant does not contest the individual scoring adjustments made to the risk assessment instrument. He contends only that County Court's decision to depart from the presumptive risk level classification is not supported by clear and convincing evidence. We disagree.

"To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence" (*People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008] [citations omitted]; *see People v Stewart*, 77 AD3d 1029, 1030 [2010]; *People v Beames*, 71 AD3d 1300, 1300 [2010]). In ascribing points in the risk assessment instrument, County

Court reduced the points under Part two Criminal History, risk factor 9 for "Number and nature of prior crimes," from 30 points recommended by the Board to five. The court correctly reasoned that defendant's prior 2005 conviction, upon his plea, to *attempted* endangering the welfare of a child was neither a felony nor a "sex offense" (Correction Law § 168-a [2]) nor a conviction of actually endangering the welfare of a child (*compare People v Arroyo*, 54 AD3d 1141, 1141 [2008], *lv denied* 11 NY3d 711 [2008] [30 points allowed under risk factor 9 for endangering the welfare of a child]). Thus, only five points could be assigned under risk factor 9 for "Prior history/no sex crimes or felonies," resulting in a total score of less than 70 points, a presumptive risk level one.

However, in concluding that an upward departure to risk level two was warranted, County Court properly considered the aggravating facts underlying the attempted endangering conviction, as reflected in the case summary and presentence investigation report, which stemmed from defendant showing pornographic videos to more than one minor (*see People v Balic*, 52 AD3d 201, 202 [2008], *affd* 12 NY3d 563, 569-570, 576-577 [2009] [court properly based upward departure on the defendant's prior misdemeanor assault which, while only allowing five points under risk factor 9 because it was not a sex crime or felony, was of a sexual nature]; *People v Joslyn*, 27 AD3d 1033, 1034 [2006]). Thus, while not a sex offense, defendant's prior conviction "ha[d] a sexual component" (*People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008]; *see People v Twyman*, 59 AD3d 415, 416 [2009]). As such, County Court's conclusion that defendant's "prior inappropriate sexualized [criminal] conduct" was not adequately taken into consideration by the risk assessment guidelines or risk factor 9 of the risk assessment instrument is supported by clear and convincing evidence (*see* Correction Law § 168-n [3]).

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.