■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. JAMISON, Appellant. [947 NYS2d 196]—

Peters, P.J. Appeal from an order of the County Court of Warren County (Hall Jr., J.), entered January 29, 2010, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Following his conviction of the crime of sexual misconduct for having sexual intercourse with a 16-year-old girl, defendant was sentenced to six years of probation and presumptively classified under the Sex Offender Registration Act (*see* Correction Law art 6-C) as a risk level two sex offender (105 points). After a hearing, County Court reduced defendant's total risk factor score to 85 points, still within the risk level two classification, but concluded that an upward modification was warranted and classified defendant as a risk level three sex offender. Defendant appeals.

We reverse. Initially, we note that defendant's risk factor score of 85 is well below the threshold for a level three classification, and the Board of Examiners of Sex Offenders did not

recommend an upward departure from the presumptive level two classification (*see People v Aguilar*, 92 AD3d 401 [2012]). Moreover, we find that the purported aggravating factors relied upon by County Court do not warrant an upward departure.

"To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence" (*People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008] [citations omitted]; *see People v Beames*, 71 AD3d 1300, 1300 [2010]). Here, in departing from the presumptive risk classification, County Court relied on the presentence investigation, as well as the assessment of clinical psychologist Richard Hamill, both of which indicated that defendant appears to present a high/moderate risk for sexual reoffense. Specifically, the court concluded that Hamill's assessment proves that "defendant has a psychological condition that increases the likelihood of recidivism and decreases his ability to control sexual impulses." However, a review of Hamill's clinical assessment reveals that his conclusion was based primarily upon defendant's scores on certain standard tests. In that regard, we find it significant that Hamill noted that defendant did not complete "any testing which would provide information about his sexual interests." Furthermore, although Hamill noted that defendant's marihuana use "increases his risk for impulsive behavior," he did not connect defendant's marihuana use—which was fully accounted for on the risk assessment instrument—to his risk for sexual reoffense (*see People v Perkins*, 35 AD3d 1167, 1168 [2006]).

County Court also relied on Hamill's finding that "defendant was classified as [having attention deficit hyperactivity disorder] and emotionally disturbed in school and was described as a 'menace' who . . . repeatedly acted violently in school requiring police involvement and numerous suspensions and expulsion." Significantly, however, there is no indication that this high school misconduct had any sexual component. Indeed, notably absent from defendant's history are any reported prior incidents of inappropriate sexual conduct or convictions for sexual offenses. Nor do the circumstances surrounding the apparently-consensual sexual contact between defendant and the 16-year-old victim present any unaccounted-for aggravating factors (*see People v Wyatt*, 89 AD3d 112, 120 [2011], *lv denied* 18 NY3d 803 [2012]). Under these circumstances, we find that the aggravating factors relied upon by County Court were either taken into

consideration on the risk assessment instrument or not supported by the requisite clear and convincing evidence.

Finally, our review of the record reveals no mitigating circumstances that would support defendant's claim that a downward departure from the presumptive risk classification is warranted (*see id.* at 128-130; *People v Beames*, 71 AD3d at 1301).

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.