Mercure, J.E
Appeal from an order of the County Court of Delaware County (Becker, J.), entered July 14, 2011, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant was convicted upon his plea of guilty of the crime of rape in the third degree and sentenced to 1 to 3 years in prison. In anticipation of his release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument in which defendant was presumptively classified as a risk level two sex offender under the Sex Offender Registration Act (see Correction Law art 6-C). However, the Board recommended *1164 an upward departure from the presumptive classification to a risk level three. At the conclusion of a risk assessment hearing, County Court agreed with the Board and classified defendant as a risk level three sex offender. Upon defendant’s appeal, we reversed and remitted the matter to County Court for further proceedings (People v Beames, 71 AD3d 1300 [2010]). Following a conference with the parties, County Court again classified defendant as a risk level three sex offender and defendant now appeals.
“An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence” (People v Stewart, 77 AD3d 1029, 1030 [2010] [citations omitted]). Such evidence may consist of reliable hearsay, including the case summary where defendant did not dispute the relevant contents (see id.; People v Wasley, 73 AD3d 1400, 1401 [2010]). County Court’s decision reflects that an upward departure was warranted based upon defendant’s history of sexual offenses targeted at teenagers and younger females, particularly an offense committed against the 10-year-old sister of defendant’s then 16-year-old girlfriend, which constituted aggravated circumstances not adequately reflected in the risk assessment instrument. While 30 points were as: sessed in the risk assessment instrument for a prior crime of endangering the welfare of a child, we agree with County Court that this factor does not adequately reflect the circumstances of the crime that defendant committed against the 10-year-old child as related in the case summary (see People v Stacconi, 81 AD3d 1046, 1047 [2011]; People v Wasley, 73 AD3d at 1401). Moreover, as noted by the court, the case summary reflects that defendant has a history of engaging in sexual conduct with females under the age of consent.
Spain, Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.