■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSIAH WELLS, Appellant. [956 NYS2d 325]—

---

Rose, J.

We reverse. "An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (*People v O'Connell*, 95 AD3d 1460, 1460 [2012] [internal quotation marks and citation omitted]; *see People v Burch*, 90 AD3d 1429, 1430 [2011]). In our view, the aggravating factor relied upon by County Court, i.e., "the length and nature of the [d]efendant's abuse of the victim," was adequately taken into consideration by the assessment of 20 points on the risk assessment instrument for continuing course of sexual misconduct, and nothing in the record supports an upward departure (*see People v Jamison*, 96 AD3d 1237, 1238-1239 [2012]; *see also People v Roberts*, 54 AD3d 1106, 1107 [2008], *lv denied* 11 NY3d 713 [2008]). Although County Court relied upon *People v Stewart* (77 AD3d 1029 [2010]), *People v Harris* (50 AD3d 1556 [2008], *lv denied* 10 NY3d 716 [2008]) and *People v Leibach* (39 AD3d 1093 [2007], *lv denied* 9 NY3d 806 [2007]) in support of the upward departure, we cannot agree that the circumstances here, while certainly reprehensible, present similar aggravating factors be-

yond the points already assessed. We also note that "defendant's point score of 85 was well below the threshold for a level [III] adjudication" and the People did not request an upward departure (*People v Aguilar*, 92 AD3d 401, 401 [2012]; *accord People v Jamison*, 96 AD3d at 1238-1239; *compare People v Stewart*, 77 AD3d at 1030). Under these circumstances, we conclude that an upward departure was not warranted.

Lastly, we have reviewed defendant's contention that County Court abused its discretion by not directing a downward departure from the presumptive risk classification to a risk level I and find no mitigating circumstances that would support such a result (*see People v Jamison*, 96 AD3d at 1238; *People v Johnson*, 77 AD3d 1039, 1040 [2010]).

Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level II sex offender under the Sex Offender Registration Act.