Lahtinen, J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered September 13, 2010, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.
Defendant allegedly subjected a young girl entrusted to his care to, among other things, forced sexual contact virtually every week starting when she was 10 years old and continuing for a period of over five years. Faced with a multicount indictment, he pleaded guilty to course of sexual conduct against a child in the second degree in full satisfaction of all charges. As he neared the end of his incarceration, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level I sex offender, but the Board recommended an upward departure to level III based upon several additional factors. Following a hearing, County Court agreed with the People that an upward departure was appropriate and classified defendant as a risk level III sex offender. Defendant now appeals.
“An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment *1387 guidelines and the court finds that such factor is supported by clear and convincing evidence” (People v Stewart, 77 AD3d 1029, 1030 [2010] [citations omitted]; accord People v Beames, 100 AD3d 1163, 1164 [2012]). The circumstances underlying these charges as well as defendant’s past misconduct may be considered within the context of this proceeding (see People v Wyant, 86 AD3d 754, 756 [2011]; People v Kost, 82 AD3d 729, 729 [2011]; People v Vasquez, 49 AD3d 1282, 1284 [2008]). Here, additional factors established by the record, not adequately taken into account by the guidelines, included defendant’s disregard and abuse of other children even younger than the victim who were also entrusted to his care, his mental instabilities, and the repeated and lengthy nature of his conduct toward the victim. Accordingly, we find that the record sufficiently supports County Court’s upward departure from the presumptive risk level (see People v Beames, 100 AD3d at 1164; People v Stewart, 77 AD3d at 1030; People v Leibach, 39 AD3d 1093, 1094 [2007], lv denied 9 NY3d 806 [2007]; see also People v Melzer, 89 AD3d 1000, 1001 [2011], lv denied 19 NY3d 803 [2012]; People v Newman, 71 AD3d 488, 488 [2010]).
Rose, J.P., Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.