■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SHACKELTON, Appellant. [985 NYS2d 765]—

McCarthy, J. Appeal from an order of the County Court of Columbia County (Nichols, J.), entered May 31, 2012, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Following defendant's plea of guilty to rape in the third degree and two counts of endangering the welfare of a child, he was sentenced to concurrent terms of 1½ years in prison with five years of postrelease supervision on the rape conviction and one year in jail on each of the convictions of endangering the welfare of a child (*People v Shackelton*, 107 AD3d 1156 [2013]). Defendant was presumptively classified under the Sex Offender Registration Act (*see* Correction Law art 6-C) as a risk level two sex offender with a score of 75 points. At the hearing, County

Court increased defendant's total risk factor score to 85 points as a result of its finding that an additional 10 points were required pursuant to risk factor 12 due to allegations that defendant failed to accept responsibility for his actions. While this revised score still left defendant's score within the lower range of a risk level two classification, the court nonetheless concluded that an upward modification was required and classified defendant as a risk level three sex offender. Defendant now appeals.*

Initially, to the extent that defendant is challenging County Court's imposition of an additional 10 points to his risk assessment score under risk factor 12 relating to his failure to accept responsibility, we are unpersuaded. The record indicates that defendant not only denied criminal responsibility after he pleaded guilty (*People v Shackelton*, 107 AD3d at 1157), but he also denied his guilt in a statement to Department of Corrections and Community Supervision officials in January 2012. Thus, we find no basis to disagree with the court's conclusion "that the most recent statements by defendant are clear and convincing evidence of his failure to take personal responsibility for his abusive conduct" (*People v Carman*, 33 AD3d 1145, 1146 [2006]).

Turning to the propriety of County Court's classification of defendant as a risk level three sex offender, however, we reach a different result. Notably, the People did not recommend an upward departure and defendant's risk factor score of 85 was "well below the threshold for a level three classification" (*People v Jamison*, 96 AD3d 1237, 1237 [2012]). Significantly, "[a]n upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (*People v Wells*, 101 AD3d 1407, 1408 [2012] [internal quotation marks and citations omitted]). Here, while the court opined that defendant's repudiation of criminal responsibility was an aggravating factor sufficient to justify the subject upward departure, we are not persuaded under the particular circumstances herein, particularly given the proof that defendant was participating in mental health treatment. The nonacceptance factor, while of concern, was adequately taken into account by the additional 10 points added to his risk assessment score under risk factor 12 (*see generally* Sex Offender

---

* Although defendant sought a downward departure to a risk level one classification at the hearing, inasmuch as he has failed to brief this contention on appeal we deem any argument in that regard to be abandoned (*see People v Burch*, 90 AD3d 1429, 1430 [2011]).

Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). Accordingly, an upward departure was not warranted here (see People v Wells, 101 AD3d at 1409; People v Barody, 54 AD3d 1109, 1110 [2008]).

Stein, J.P., Rose and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.