■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN HEADLEY, Appellant. [47 NYS3d 385]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rooney, J.), dated August 15, 2013, which,

after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding under the Sex Offender Registration Act (hereinafter SORA; *see* Correction Law § 168 *et seq.*), the Supreme Court assessed the defendant 80 points on the risk assessment instrument (hereinafter RAI), within the range for a presumptive designation as a level two sex offender, and it designated him a level two sex offender. On this appeal, the defendant challenges the assessment of 50 of those points, which were based on conduct underlying counts of the indictment on which the jury found the defendant not guilty. We affirm.

There is no per se rule in a SORA proceeding proscribing a court's consideration of evidence underlying indictment counts on which the defendant has been found not guilty (*see People v Kost*, 82 AD3d 729, 729 [2011]). An acquittal establishes "only that the jury did not find all elements of those offenses to have been proved beyond a reasonable doubt, a more rigorous standard of proof than the clear and convincing evidence standard" applicable in a SORA risk level determination proceeding (*id.* at 729; *see People v Vasquez*, 49 AD3d 1282, 1284 [2008]). Here, the SORA court, which had presided over the defendant's criminal trial, had ample basis for finding that the victim's testimony constituted clear and convincing evidence supporting the assessment of the disputed points. Further, the SORA court had before it evidence that, after denying his guilt entirely in his testimony at trial, the defendant made partial admissions of guilt to personnel at the Department of Corrections and Community Supervision and to the Parole Board.

The defendant's remaining contention is improperly raised for the first time on appeal.

Accordingly, the defendant was properly designated a level two sex offender (*see People v Sincerbeaux*, 27 NY3d 683, 688-689 [2016]; *People v Kost*, 82 AD3d at 729; *People v Vasquez*, 49 AD3d at 1284). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.