People v Ginyard (2018 NY Slip Op 03385)





People v Ginyard


2018 NY Slip Op 03385


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2013-07792

[*1]People of State of New York, respondent, 
v
Naquan Ginyard, appellant.


Seymour W. James, Jr., New York, NY (Paul Wiener of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kenneth Blake of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Raymond Guzman, J.), dated July 24, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's application, upon the recommendation of the Board of Examiners of Sex Offenders (hereinafter the Board), for an upward departure from the presumptive risk level two designation to risk level three. The People demonstrated, by clear and convincing evidence, that there was an aggravating factor not adequately taken into account by the Board's risk assessment instrument (hereinafter RAI) (see People v Gillotti, 23 NY3d 841, 861). Specifically, on July 16, 2003, before committing the sex offense upon which the RAI was based, the defendant was arrested and charged with committing a sex offense in South Carolina. The sex offense upon which the RAI was based occurred between July 1, 2004, and October 31, 2005. He was convicted of that offense, upon his plea of guilty, on November 2, 2005. On November 10, 2005, the defendant pleaded guilty to contributing to the delinquency of a minor in South Carolina based on the July 2003 incident; however, the RAI did not account for the defendant's subsequent conviction. The case summary and the documentation relating to the defendant's conviction in South Carolina indicate that the defendant, who was then 25 years old, admitted to having sexual intercourse with a 15-year-old girl in South Carolina. These documents constitute reliable hearsay and provided clear and convincing evidence supporting the court's determination to grant the People's application for an upward departure (see People v Mingo, 12 NY3d 563, 574; People v Palmer, 68 AD3d 1364, 1366).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in designating the defendant a level three sex offender.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court