People v Logsdon (2019 NY Slip Op 00998)





People v Logsdon


2019 NY Slip Op 00998


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


45 KA 17-00455

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY M. LOGSDON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), dated February 17, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law and in the exercise of discretion by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Although the risk assessment instrument prepared by the Board of Examiners of Sex Offenders classified defendant as a presumptive level one risk, County Court sua sponte ordered an upward departure to a level two risk based on defendant's history of posttraumatic stress disorder (PTSD) and purported traumatic brain injury (TBI), and on defendant's removal of the victim from New York State for the purpose of continuing a sexual relationship.
Initially, we conclude that the court erred insofar as it based its determination on defendant's history of PTSD and purported TBI. Although defendant was diagnosed with PTSD and may have sustained a TBI, the record is devoid of evidence that any such mental impairment "is causally related to a[ ] risk of reoffense" (People v Diaz, 100 AD3d 1491, 1491 [4th Dept 2012], lv denied 20 NY3d 858 [2013] [internal quotation marks omitted]; see People v Burgos, 39 AD3d 520, 520-521 [2d Dept 2007]; People v Zehner, 24 AD3d 826, 827 [3d Dept 2005]; cf. People v Collins, 104 AD3d 1220, 1221 [4th Dept 2013], lv denied 21 NY3d 855 [2013]; People v Andrychuk, 38 AD3d 1242, 1243-1244 [4th Dept 2007], lv denied 8 NY3d 816 [2007]). Moreover, the evidence at the SORA hearing included a letter from defendant's psychotherapist, which indicates that defendant is cooperative, willing to engage in treatment, and remorseful, and an assessment prepared by defendant's counselor for sex offender treatment, which indicates that he has a low risk of recidivism.
Nor is the continuing nature of the crime sufficient to support the upward departure because, even if additional points were assessed for risk factor 4, i.e., continuing course of sexual misconduct, defendant's total risk factor score would not result in defendant's classification as a presumptive level two risk (see generally People v Barody, 54 AD3d 1109, 1110 [3d Dept 2008]). Further, there is no basis for an upward departure where, as here, the alleged aggravating factor is adequately taken into account by the risk assessment guidelines (see generally People v Shackelton, 117 AD3d 1283, 1284 [3d Dept 2014]; People v Grady, 81 AD3d 1464, 1464 [4th Dept 2001]). Finally, although we conclude that defendant's actions in taking the victim across state lines constitute an aggravating factor that is, "as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines" (People v Gillotti, 23 NY3d 841, 861 [2014]), we further conclude that the court improvidently exercised its discretion in [*2]granting an upward departure based on that factor under the circumstances of this case. We therefore substitute our own discretion (see generally People v George, 141 AD3d 1177, 1178 [4th Dept 2016]; People v Goossens, 75 AD3d 1171, 1171 [4th Dept 2010]), and we modify the order by determining that defendant is a level one risk.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court