People v Gonzalez (2019 NY Slip Op 08721)





People v Gonzalez


2019 NY Slip Op 08721


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-09179

[*1]People of State of New York, respondent, 
v
Randy Gonzalez, appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel; Jared D. Michael on the brief), for respondent.
Janet E. Sabel, New York, NY (Natalie Rea of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated August 1, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was assessed a total of 70 points under the risk assessment instrument, including 5 points under risk factor 9 for having prior misdemeanor convictions, none of which were designated sex crimes. These points presumptively classified him as a level one sex offender. The Supreme Court, however, granted the People's request for an upward departure to a level two designation. On appeal, the defendant challenges the granting of the People's request for an upward departure.
Where the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines), and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances (see Correction Law § 168-n[3]; People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, the People proved, by clear and convincing evidence, that aggravating factors of a kind and to a degree not adequately taken into account by the Guidelines existed. Although the defendant was assessed 5 points for having four prior misdemeanor convictions, the Guidelines did not account for the fact that two of those prior convictions were for violating orders of protection concerning the victim of the instant offenses, on two separate occasions, demonstrating an escalating history of sexual misconduct (see People v Smith, 168 AD3d 1006, 1007; People v Ragabi, 150 AD3d 1161, 1162; People v Walker, 105 AD3d [*2]1154, 1156; People v Freeman, 85 AD3d 1335, 1336; People v Lesch, 38 AD3d 1129, 1130). Accordingly, the Supreme Court providently exercised its discretion in granting the People's request for an upward departure and the defendant was properly designated a level two sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court