People v Lewis (2019 NY Slip Op 09045)





People v Lewis


2019 NY Slip Op 09045


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-07292

[*1]People of State of New York, respondent,
v
Edward Lewis, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel; Jenna Hymowitz on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah Dowling, J.), dated April 26, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination in accordance herewith.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points, which rendered him a presumptive level two sex offender. Neither the defendant nor the People requested a departure from the presumptive risk level, and the court designated the defendant a level two sex offender.
On appeal, the defendant contends that the Supreme Court erred in assessing 30 points under risk factor 9. Although the defendant's contention is unpreserved for appellate review, under the circumstances, we reach it in the interest of justice (see e.g. People v Madison, 153 AD3d 737, 737).
Risk factor 9 requires the assessment of 30 points where "[t]he offender has a prior criminal history that includes a conviction or adjudication for the class A felonies of Murder, Kidnaping or Arson, a violent felony, a misdemeanor sex crime, or endangering the welfare of a child, or any adjudication for a sex offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines], risk factor 9 [2006]). Here, as the defendant contends, the Supreme Court should not have assessed 30 points under risk factor 9 based on his prior conviction for attempted endangering the welfare of a child inasmuch as that conviction was neither for a felony, nor for a "sex offense" (Correction Law § 168-a[2]), "nor a conviction for actually endangering the welfare of a child" (People v Freeman, 85 AD3d 1335, 1336). Accordingly, only 5 points could be assigned under risk factor 9 for "[p]rior history/no sex crimes or felonies," resulting in a total score of less than 70 points, a presumptive risk level one (id. at 1336 [internal quotation marks omitted]; see Guidelines, risk factor 9).
The People contend that, if the defendant had been adjudicated a presumptive level one sex offender, they would have sought an upward departure to risk level two on the ground that the failure to account for certain aggravating facts underlying the defendant's prior conviction for attempted endangering the welfare of a child resulted in an underassessment of the defendant's dangerousness and his risk of sexual recidivism (see People v Gabriel, 129 AD3d 1046, 1047). Inasmuch as the Supreme Court's erroneous assessment of 30 points under risk factor 9 may have impacted the People's decision to refrain from seeking an upward departure based on the underlying facts of the prior conviction for attempted endangering the welfare of a child, we reverse the order appealed from and remit the matter to the Supreme Court, Kings County, for a new determination of the defendant's risk level in accordance herewith.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court