People v Mott (2021 NY Slip Op 03621)





People v Mott


2021 NY Slip Op 03621


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-00291

[*1]The People of the State of New York, respondent,
v
Robert L. Mott, appellant. Thomas N.N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.


William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated December 6, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, assessed the defendant 95 points, granted the People's application to upwardly depart from the defendant's presumptive risk level two designation, and designated the defendant a level three sex offender. The defendant appeals.
In a SORA proceeding, when a party seeks to depart from the presumptive risk level indicated by the factor score calculated pursuant to the SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines), the SORA court "must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level indicated by the offender's [G]uidelines factor score. At the first step, the court must decide whether the aggravating or mitigating circumstances alleged . . . are, as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d 841, 861; see Guidelines at 4). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand. If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d at 861 [citations omitted]). If, however, the party does not satisfy the first two requirements, the court does not have the discretion to depart from the presumptive risk level (see People v Lewis, 173 AD3d 913, 914; People v Manougian, 132 AD3d 746, 746-747; People v Campbell, 98 AD3d 5, 13-14).
Here, we agree with the defendant that the County Court lacked the discretion to upwardly depart from the presumptive risk assessment level because the People failed, as a matter of law, to identify an aggravating factor that was not adequately taken into account by the Guidelines. In seeking an upward departure from the presumptive risk assessment level established [*2]at the hearing, the People relied upon the defendant's prior conviction of public lewdness and indications in the record suggesting that he had not accepted responsibility for his sexual misconduct. The defendant's prior conviction of public lewdness constituted a misdemeanor sex crime, which is already accounted for under risk factor 9 of the Guidelines (see Guidelines, risk factor 9[3]; People v Perez, 162 AD3d 1083, 1084). Similarly, an offender's lack of acceptance of responsibility is accounted for under risk factor 12 (see Guidelines, risk factor 12), and thus, was not a proper basis for a departure (see People v Shackelton, 117 AD3d 1283, 1284; People v Grady, 81 AD3d 1464, 1464).
Accordingly, the County Court should not have granted the People's application for an upward departure (see People v Lewis, 173 AD3d at 914; People v Mota, 165 AD3d 988, 989; People v Garcia, 153 AD3d 735, 737). Consequently, we reverse the order appealed from and designate the defendant a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court