People v Faris (2022 NY Slip Op 22202)

People v Faris

2022 NY Slip Op 22202 [75 Misc 3d 64]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 7, 2022

[*1]

The People of the State of New York, Respondent,
v
Derek Faris, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, June 24, 2022

APPEARANCES OF COUNSEL

Legal Aid Society, New York City (Nancy E. Little and Will Page of counsel), for appellant.
Melinda Katz, District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Marina Arshakyan of counsel), for respondent.

{**75 Misc 3d at 65} OPINION OF THE COURT

Memorandum.

Ordered that the order is modified by providing that defendant is designated a level one sex offender; as so modified, the order is affirmed, without costs.
At a Sex Offender Registration Act (SORA) hearing, the People submitted a risk assessment instrument (RAI) seeking to assign defendant 80 points. Defense counsel objected only to the 10 points the People sought to assess under risk factor 1 for forcible compulsion. Counsel argued that forcible compulsion under the Penal Law definition (see Penal Law § 130.00 [8]) is to compel by use of physical force or threats of immediate physical injury or death, and there are no allegations in this case that the victim felt compelled to submit or that defendant used force to overcome resistance by the victim. Based upon the allegation contained in the information that defendant grabbed the victim's vagina with one hand and stated he "wanted to [*2]grab her," the hearing court determined that the clear and convincing evidence established forcible compulsion and assessed 10 points under risk factor 1. Consequently, the court assessed a total of 80 points against defendant in the RAI and designated him a level two sex offender.
On appeal, defendant contends that he should have been designated a level one sex offender as the court should not have assessed 10 points under risk factor 1 because there was no evidence presented establishing that he had used forcible compulsion when he touched the victim's vagina.
In establishing a sex offender's appropriate risk level assessment under SORA, the People have "the burden of proving the{**75 Misc 3d at 66} facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 572 [2009]; People v Wells, 138 AD3d 947 [2016]).
"To avoid ambiguity, the [G]uidelines use terms that are defined in the Penal Law," including "forcible compulsion" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]; see Penal Law § 130.00 [8]). The term "forcible compulsion" as used in the RAI under risk factor 1 includes "a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person" (Penal Law § 130.00 [8] [b]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]). In determining whether a threat amounts to forcible compulsion, the court must consider "the state of mind produced in the victim by the defendant's conduct" (People v Thompson, 72 NY2d 410, 416 [1988]; see People v Hartle, 159 AD3d 1149 [2018]; People v Warren, 22 AD3d 773 [2005]). "Discrepancies in age, size, or strength are relevant factors in determining whether there was such compulsion" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8; see People v Vasquez, 49 AD3d 1282, 1284 [2008]).
Here, the evidence relied upon by the court—that defendant grabbed the victim's vagina over her clothing while stating that he "wanted to grab her"—without more, was insufficient to establish forcible compulsion (see Penal Law § 130.00 [8]; People v Mack, 18 NY3d 929 [2012]; People v Fuller, 50 AD3d 1171, 1174-1175 [2008]). The People failed to introduce clear and convincing evidence showing that defendant overcame physical resistance with his superior size and strength which would support a finding that defendant had used forcible compulsion to compel the victim's compliance (see Vasquez, 49 AD3d at 1284). The People also did not provide any proof establishing that the victim feared defendant if she did not submit (see Thompson, 72 NY2d at 415-416; People v Coleman, 42 NY2d 500, 505 [1977]). Consequently, the 10 points assessed under risk factor 1 should be deducted from the 80 points assessed against defendant in the RAI, resulting in the presumptive classification of defendant as a level one sex offender.
We note that, on appeal, the People did not request an upward departure in the event that this court finds defendant to be a presumptive level one sex offender (cf. People v Lewis, 178 AD3d 971 [2019]; see People v Bryant, 187 AD3d 1657 [2020]).{**75 Misc 3d at 67}
[*3]
Accordingly, the order is modified by providing that defendant is designated a level one sex offender.

Toussaint, J. (dissenting and voting to affirm the order in the following memorandum). On February 19, 2019, defendant pleaded guilty to the charge of forcible touching (Penal Law § 130.52 [1]) and throwing or dropping offensive matter (urinating) (NY City Health Code [24 RCNY] § 153.09). At a subsequent Sex Offender Registration Act (SORA) hearing, defendant was designated a level two sex offender pursuant to Correction Law article 6-C. On appeal, defendant contends that the correct designation was level one, as the court should not have assessed 10 points under risk factor 1, since no evidence was presented showing he had used forcible compulsion when he touched the victim's vagina. The majority essentially agrees with defendant's argument. I do not.
Forcible compulsion (Penal Law § 130.00 [8]) means to compel by either "a. use of physical force; or b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person." However, "forcible compulsion is not synonymous with violence and, therefore, requires neither physical injury nor screaming or crying out" (People v George, 177 AD3d 1045, 1046 [2019] [internal quotation marks omitted]). "[T]he inquiry required in determining whether threats amount to forcible compulsion is not what the defendant would or could have done, but rather what the victim, observing [or hearing] [the defendant's] conduct, feared [he] would or might do" (People v Thompson, 72 NY2d 410, 415-416 [1988] [internal quotation marks omitted]).
In the argument on appeal, defendant consistently does not reference the threatening words "I want to grab you" in describing the incident. While those words were not specifically included in defendant's plea allocution, they were included as part of the complainant's statement in the accusatory instrument and were properly referenced by the SORA judge in making the determination. "The court was not limited to considering the crime of which the defendant was convicted or the admissions he made upon pleading guilty, and it properly relied on the complainant's statement" (People v Fowara, 128 AD3d 932, 933 [2015], citing People v Mingo, 12 NY3d 563, 571-572 [2009]).
Under the circumstances herein, defendant's touching of the victim's vagina accompanied by the words "I want to grab you," in addition to the surrounding circumstances, constituted clear{**75 Misc 3d at 68} and convincing proof of a threat of physical harm to the victim sufficient to meet the SORA definition of forcible compulsion. Accordingly, I would affirm the designation of the lower court.
Aliotta, P.J., and Golia, J., concur; Toussaint, J., dissents in a separate memorandum.